UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KRISTI WHITTON,

    Plaintiff,

vs.                                    Case No.:

KALEIDOSCOPE INTERVENTIONS, LLC,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff KRISTI WHITTON (hereinafter referred to as "Plaintiff"), brings this action for damages and all available relief against Defendant, KALEIDOSCOPE INTERVENTIONS, LLC (hereinafter referred to as "Kaleidoscope" or "Defendant") and states the following:

**NATURE OF CASE**

1. This is a claim by Plaintiff KRISTI WHITTON, against her former employer, Kaleidoscope, for violations under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (collectively "Title VII") including the Pregnancy Discrimination Act of 1978 ("PDA"), which amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et. seq., and the

Family Medical Leave Act ("FMLA"). Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, punitive damages (if permitted to be pled), attorneys' fees and costs, and all other fair and justifiable relief under the law.

## PARTIES

2. Plaintiff is a resident of Palm Bay, Brevard County, Florida.

3. Plaintiff was hired as a Behavior Analyst by Defendant on or about August 7, 2017.

4. Defendant KALEIDOSCOPE INTERVENTIONS, LLC, is a Florida Limited Liability Company with its principle place of business in Melbourne, Brevard County, Florida.

## JURISDICTION AND VENUE

5. Plaintiff brings this action for damages and all available relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (collectively "Title VII") which includes the Pregnancy Discrimination Act of 1978 ("PDA"), which amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et. seq., and the Family Medical Leave Act ("FMLA").

6. This Court has jurisdiction under 28 U.S.C. §§ 1331. Venue is proper under 28 U.S.C. § 1391. These claims arise under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391.

7. Plaintiff worked for the Defendant in Brevard County, Florida.

8. The events giving rise to this action occurred within this District.

9. On or around August 17, 2020, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

10. On February 23, 2021, the EEOC issued a Notice of Right to Sue regarding Plaintiff's Charge of Discrimination against the Defendant.

11. Plaintiff has satisfied all administrative prerequisites to perfect her claim.

12. Plaintiff brings this suit within ninety (90) days of receipt of her Notice of Right to Sue.

## **FACTS**

13. Plaintiff was hired by Defendant in or around August 7, 2017.

14. Plaintiff was hired as Behavioral Analyst and thereafter, was promoted to the position of Clinical Director.

15. Plaintiff performed her job satisfactorily during her employment.

16. Plaintiff received performance-based pay increases and/or bonuses during her employment.

17. At all times relevant to the instant action, Defendant employed more than fifty (50) employees.

18. At all times relevant to the instant action, Defendant employed more than fifty (50) employees within 75 miles of Melbourne, Florida.

19. Plaintiff became pregnant in 2019.

20. Plaintiff informed Defendant of her pregnancy in early-mid Fall 2019.

21. Plaintiff had been employed by Defendant at least twelve (12) months prior to March 2020, when Plaintiff would have needed to utilize FMLA leave.

22. Plaintiff worked 1,250 hours for Defendant during the year immediately preceding March 2020, when Plaintiff would have needed to utilize FMLA leave.

23. Because Plaintiff needed to be out of work for some time because of her pregnancy and baby's birth, Plaintiff applied for leave under the FMLA.

24. Plaintiff was approved to take FMLA maternity leave beginning in or around March 16, 2020.

25. Immediately upon approval of her FMLA leave, Plaintiff attempted to meet with her supervisors to discuss her work load and ensure a smooth temporary transition while Plaintiff went on FMLA leave.

26. However, Plaintiff's requests were denied and eventually she was told her supervisors would not meet with her until January 2020.

27. In January 2020, Plaintiff did meet with her supervisors to discuss how her work load would be handled while she was on FMLA leave.

28. During the January 2020 meeting, Plaintiff also inquired regarding various Company policies and benefits that would allow her to receive pay while on FMLA leave, as well as holiday pay that was owed to her.

29. Thereafter, Plaintiff followed up with Defendant's Human Resources Department regarding the pay policies discussed during the January 2020 meeting.

30. Defendant's Human Resourced department advised Plaintiff they would have an answer regarding her inquiries within a few days.

31. Shockingly, on February 11, 2020, four weeks before her scheduled FMLA maternity leave and days after Plaintiff requested information regarding her FMLA benefits, Defendant terminated Plaintiff.

32. Defendant cited alleged "lack of communication" with her subordinates as reason for termination.

33. Defendant's reason for Plaintiff's termination was false and a pretext for discrimination and interference of Plaintiff's exercise of her FMLA rights.

34. Interestingly, Plaintiff had no performance or behavior related issues while working for Defendant prior to disclosing her pregnancy to Defendant.

35. Defendant had no valid reason existed to terminate Plaintiff.

36. Defendant's actions demonstrate it discriminated against based on her sex/gender and status as a pregnant female.

37. Further, Defendant's actions amount to interference and retaliation under the FMLA.

## COUNT I
## PREGANCY AND GENDER DISCRIMINATION IN VIOLATION TITLE VII/PDA

38. Plaintiff realleges and adopts allegations contained in paragraphs 1-37, as though fully stated herein.

39. Plaintiff is a member of a protected class because she is female.

40. Plaintiff is a member of a protected class because she was pregnant during the period of time at-issue.

41. At all material times, Plaintiff was qualified to perform her job duties.

42. At all material times, Defendant knew that Plaintiff was pregnant.

43. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under Title VII because it treated Plaintiff less favorably because of her pregnancy.

44. Defendant did not subject the non-pregnant employees to discriminatory treatment.

45. Plaintiff suffered an adverse employment action when she was terminated.

46. The discrimination to which Plaintiff was subjected was based on her gender and pregnancy.

47. Defendant does not have a legitimate, non-discriminatory reason for discharging the Plaintiff.

48. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

49. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

50. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses.

51. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff respectfully requests entry of:

a. declaratory judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

b. require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through an award of back pay;

c. require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

d. compensatory damages;

e. judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

f. judgment interest, and, if applicable, post-judgment interest;

g. reasonable attorneys' fees and litigation expenses against Defendant; and

h. any additional relief that this Court deems just.

## COUNT II
## INTERFERENCE UNDER THE FMLA

52. Plaintiff realleges and adopts allegations contained in paragraphs 1-37, as if fully set forth in this Count.

53. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

54. Defendant was Plaintiff's employer as defined by the FMLA.

55. Defendant's acts and omissions constitute interference with Plaintiff's rights under the FMLA.

56. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

57. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

58. Defendant's violations of the FMLA were willful.

59. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff respectfully requests entry of:

a. judgment in her favor and against Defendant for their interference with her rights under the FMLA;

b. judgment in her favor and against Defendant for damages, including lost earnings and benefits, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant' conduct;

c. judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

d. judgment in her favor and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

e. declaratory judgment that Defendant' practices toward Plaintiff violate her rights under the FMLA; and

f. order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT III
## RETALIATION UNDER THE FMLA

60. Plaintiff realleges and adopts allegations contained in paragraphs 1-37, as if fully set forth in this Count.

61. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

62. Defendant was Plaintiff's employer as defined by the FMLA.

63. Defendant discriminated and/or retaliated against Plaintiff because Defendant knew she was eligible for leave under the FMLA.

64. Defendant discriminated and/or retaliated against Plaintiff because Plaintiff attempted to exercise her rights under the FMLA

65. Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of Plaintiff's supervisors.

66. Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

67. Defendant's discriminatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

68. Defendant's conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the FMLA.

69. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

70. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

71. Defendant's violations of the FMLA were willful.

72. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff respectfully requests entry of:

 a.   judgment in her favor and against Defendant for violation of the anti-discrimination/anti-retaliation provisions of the FMLA;

 b.   judgment in her favor and against Defendant for damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

 c.   judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

d. judgment in her favor and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

e. declaratory judgment that Defendant practices toward Plaintiff violate her rights under the FMLA; and

f. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury.

Dated this 19th day of May, 2021.

Respectfully submitted,

***/s/ Anthony J. Hall***
Anthony J. Hall, Esq.
FL Bar No. 40924
THE LEACH FIRM, P.A.
631 S. Orlando Avenue, Suite 300
Winter Park, Florida 32789
Telephone: (407) 574-4999
Facsimile: (833) 523-5864
Email: ahall@theleachfirm.com
Email: npacheco@theleachfirm.com

***Attorneys for Plaintiff***